Case 2:04-cr-00604-JS   Document 66   Filed 01/20/21   Page 1 of 9 PageID #: 315

FILED
CLERK

2:44 pm, Jan 20, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        -against-                      MEMORANDUM & ORDER
                                       04-CR-0604 (JS)
ISMAEL BERRIOS,

                Defendant.
----------------------------------X
APPEARANCES
For United States:   Megan E. Farrell, Esq.
                     Mark J. Lesko, Esq.
                     United States Attorney's Office
                     271 Cadman Plaza East
                     Brooklyn, New York 11201

For Defendant:       LaKeytria W. Felder, Esq.
                     Federal Public Defenders of New York, Inc.
                     770 Federal Plaza
                     Central Islip, New York 11722
```

SEYBERT, District Judge:

Currently before the Court is Defendant Ismael Berrios's ("Defendant") motion for a reduction of his sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of health concerns surrounding the COVID-19 pandemic.  (Mot., ECF No. 60; Reply, ECF No. 63; Def. Sur-Reply, ECF No. 65.)  The Government opposes the motion.  (Opp., ECF No. 62; Gov't Sur-Reply, ECF No. 64.)  Upon due consideration, the motion is GRANTED.

BACKGROUND

I.   Factual and Procedural History

The Court presumes the parties' familiarity with the facts and procedural history of this case.  As relevant here, on

June 25, 2004, Defendant waived criminal indictment and, pursuant to a plea agreement with the Government, pled guilty to an Information charging him with conspiring to distribute at least five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II). (Min. Entry, ECF No. 18; Waiver, ECF No. 20; Information, ECF No. 17; Plea Agmt., ECF No. 62-1.) On August 6, 2004, the Court granted Defendant's request for bail and he was released from custody pending sentencing. (Min. Entry, ECF No. 21; Conditions of Release, ECF No. 22.) Before sentencing, on April 26, 2006, Defendant was arrested and officers discovered cocaine on his person and in his vehicle, in violation of the terms of pre-sentencing release. (Presentence Investigation Report ("PSR") ¶ 13.) He was remanded on May 3, 2006. (Id. ¶ 49.)

Defendant's offense carried a ten-year statutory minimum and the sentencing guidelines provided a range of 360 months' to life imprisonment. (PSR ¶¶ 80-81.) On August 11, 2006, the Court sentenced Defendant to a term of 262 months' incarceration to be followed by five years of supervised release. (Min. Entry, ECF No. 32; Sent'g J., ECF No. 33; Sent'g Tr., ECF No. 62-3.) After sentencing, the Court denied Defendant's motions to reduce his sentence. (See, e.g., Jan. 14, 2015 Order, ECF No. 39.)

II. The Pending Motion and Defendant's Term of Incarceration

Defendant, through counsel, filed a motion for compassionate release on August 15, 2020, requesting that the Court

decrease his sentence to time-served and impose a five-year period of supervised release with a one-year period of electronic monitoring. (See Mot. at 2.) If released, Defendant intends to reside with his oldest son and future daughter-in-law in Long Island, New York.

Defendant has been detained for a little under fifteen years and is 52 years old. He is currently incarcerated at Lewisburg USP and is expected to be released on March 18, 2024. Find An Inmate, BOP.gov, www.bop.gov/inmateloc/index.jsp (last visited Jan. 20, 2021). According to the information maintained by the Bureau of Prisons ("BOP") for Lewisburg USP, as of January 19, 2021, 57 inmates and 25 staff members are listed as "positive" for COVID-19, and 119 inmates and 36 staff members are listed as "recovered" from the virus. See COVID-19 Cases, BOP.gov, http://www.bop.gov/coronavirus/ (last visited Jan. 20, 2021). While incarcerated, Defendant has become proficient in English, received a GED, and completed a Drug Education Program and parenting classes. (Mot. at 3.) On at least four occasions, the BOP has granted him furlough. (Mot. at 12; Individualized Reentry Plan, Mot., Ex. E, ECF No. 60-5, at 2.)

DISCUSSION

I. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v.

Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, No. 02-CR-0743, 2020 WL 497987, at *1 (S.D.N.Y. Apr. 6, 2020)). As relevant here, under the First Step Act, which modified 18 U.S.C. § 3582(c), courts have discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020); see id. at 236 (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-

4

38 (quoting 28 U.S.C. § 994(t)) (emphasis and alteration in original).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted). A defendant "bears the burden of showing that his release is justified." United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020).

II. Analysis

The parties do not dispute that Defendant exhausted his administrative remedies. The Court thus turns to the merits of the motion.

Defendant argues that the spread of COVID-19 among the prison population, certain medical conditions, and a family history of diabetes and high cholesterol, constitute extraordinary and compelling reasons justifying his release. (See Mot. at 5-11; Reply at 3.) While it is true that Defendant does "not have CDC-identified high-risk factors that put[] him at risk of COVID-19 complications if infected" (Mot. at 9), "[t]hose detained in

5

jails and prisons face particularly grave danger" from the pandemic and, "[r]ealistically, the best -- perhaps the only -- way to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible." United States v. Lopez, No. 17-CR-0204, 2020 WL 7696005, at *1 (S.D.N.Y. Dec. 28, 2020) (alterations in original) (quoting United States v. Nkanga, 450 F. Supp. 3d 491, 492 (S.D.N.Y. 2020)). The Court also recognizes that "conditions -- in and out of prisons -- have gotten considerably worse." Id. (citing Brendan Saloner, et al., COVID-19 Cases and Deaths in Federal and State Prisons, JAMA (July 8, 2020), available at https://jamanetwork.com/journals/jama/fullarticle/2768249). Accordingly, based on the facts unique to this case, the Court exercises its discretion under Brooker and finds extraordinary and compelling reasons favor a sentence reduction. 976 F.3d at 237-38 ("[A] district court's discretion [in sentencing] -- as in all sentencing matters -- is broad" and a "lengthy sentence" in connection with "the present coronavirus pandemic, which courts around the country, including in this circuit, have used as a justification for granting some sentence reduction motions.").

The Court has also considered the Section 3553(a) factors and find they weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A)(i). There is little doubt that the "severity of [Defendant's] conduct remains unchanged"; however, the

6

"environment where [he] is serving his sentence" has certainly changed. United States v. Zukerman, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) ("When the Court sentenced [Defendant], the Court did not intend for that sentence to 'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic." (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 407 (E.D. Pa. Apr. 1, 2020))).

Defendant has been incarcerated for nearly fifteen years, with approximately three years remaining on his sentence. The time already served is "substantial . . . as befits the nature and circumstances of the offense." United States v. Mongelli, No. 02-CR-0307, 2020 WL 6449237, at *3 (E.D.N.Y. Nov. 3, 2020). Moreover, Defendant has taken significant steps towards rehabilitation, and "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." Pepper v. United States, 562 U.S. 476, 491 (2011); (see also Def. Ltr., Mot., Ex. E, ECF No. 60-5; Family Ltrs., Mot., Ex. D, ECF No. 60-4.) The Court credits Defendant's disciplinary record and notes that "the absence of any disciplinary infraction related to violence or drug use, demonstrates that he is unlikely to commit future criminal acts or pose a danger to the community." United States v. Yu, No. 90-CR-0047, 2020 WL 6873474, at *5 (S.D.N.Y. Nov. 23, 2020); (see also Mot. at 12.) Therefore, the

7

period of incarceration that Defendant has already served, with the forthcoming period of supervised release, is sufficient but not greater than necessary and complies with the purposes of sentencing under Section 3553(a).

## CONCLUSION

For the reasons stated herein, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 60) is GRANTED.  **IT IS HEREBY ORDERED** that:

(1) Defendant's sentence is modified to time served, with the remainder of the sentence he would otherwise have served (as calculated by the BOP) to be served on supervised release, a special condition of which is that Defendant shall be in home confinement with electronic monitoring during the first year of supervised release. During the first year, Defendant shall follow all requirements and procedures established for the curfew via electronic monitoring by the Probation Department; and

(2) Upon release, Defendant shall self-quarantine for fourteen (14) days; and

(3) Defendant will continue to be subject to the previously imposed term(s) of supervised release, including all standard, mandatory, and special conditions of supervision delineated at sentencing by the Court; and

8

(4) Within one week of his release, Defendant shall call the Probation Department to schedule an appointment.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  20 , 2021
      Central Islip, New York